1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KARLUK M. MAYWEATHERS,

11          Plaintiff,                    No. 2:09-cv-3284 LKK KJN P

12      vs.

13   GARY SWARTHOUT, et al.,

14          Defendants.            <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding without counsel who seeks relief pursuant

17   to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This action was reassigned to the undersigned on February 9, 2010.[1]

19          On December 18, 2009, this court directed plaintiff to submit, within thirty days, a

20   completed in forma pauperis application that included a certified copy of his prison trust account.

21   (Dkt. No. 7.)  Plaintiff thereafter submitted a further trust account statement (Dkt. No. 9), and

22   then inquired whether a more complete document had been forwarded by prison officials (Dkt.

23   No. 11).

24          Although the court has not received the full document referenced in plaintiff's

25   _____

26      [1]  This action is referred to a United States Magistrate Judge pursuant to 28 U.S.C.
     § 636(b)(1)(B), Local General Order No. 262, and E.D. Cal. L.R. ("Local Rule") 302.

inquiry, review of plaintiff's initial in forma pauperis application and his further trust fund

statement provides adequate information to assess plaintiff's eligibility.  The court finds that

plaintiff has made the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to

proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

make monthly payments of twenty percent of the preceding month's income credited to

plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to

the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing

fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b)(1), (2).

The court has reviewed plaintiff's Amended Complaint filed December 22, 2009

(Dkt. No. 8) and, for the limited purposes of § 1915A screening, finds that it states cognizable

claims against defendants Abdul R. Nasir, Leah Sudran, and Gary Swarthout.[2]  See 28 U.S.C. §

1915A.  Plaintiff, a Muslim incarcerated at California State Prison–Solano ("CSP–Solano"),

---

[2]  The court notes, however, some question whether each of plaintiff's claims against each
of these defendants has been administratively exhausted.  See Dkt. No. 8, at 2; see also,
discussion regarding exhaustion, infra.

1   alleges that he is being denied a Halal (or alternatively, Kosher) diet in accordance with his

2   religious beliefs, in violation of the Religious Land Use and Institutionalized Persons Act of

3   2000 ("RLUIPA"), 42 U.S.C. § 2000cc, et seq. (thus implicating plaintiff's First Amendment

4   right to free exercise of his religion), and in violation of his Fourteenth Amendment right to

5   equal protection.  Plaintiff alleges that the vegetarian diet offered him fails to provide the ritually-

6   slaughtered meats that he is required by his religion to consume.  Plaintiff alleges that defendants

7   Muslim Chaplain Abdul R. Nasir and Jewish Chaplain Leah Sudran improperly refused to

8   approve plaintiff's diet requests, and that defendant Warden Gary Swarthout failed to require

9   adherence to administrative regulations.

10          Plaintiff also names, in the text of his Amended Complaint, defendant Barry

11   Smith, who "works at Sacramento Office of Community Partnerships for the CDCR" (Dkt. No.

12   8, at 2).  However, plaintiff fails to identify any conduct by Smith, who is apparently associated

13   with parole services, relative to the challenged conduct at CSP–Solano.  There can be no liability

14   under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

15   defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 371 (1976);

16   May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);  Johnson v. Duffy, 588 F.2d 740, 743 (9th

17   Cir. 1978).

18           The court finds, therefore, that the Amended Complaint does not state a

19   cognizable claim against defendant Barry Smith.  Accordingly, the claims against him will be

20   dismissed with leave to amend.  If plaintiff elects to attempt to further amend his complaint to

21   state a cognizable claim against Smith, he has thirty days so to do.   However, plaintiff is not

22   obligated to further amend his complaint.

23          If plaintiff elects to proceed forthwith against defendants Nasir, Sudran, and

24   Swarthout, against whom he has stated cognizable claims for relief, then within thirty days he

25   must return the materials for service of process enclosed herewith.  In this event the court will

26   construe plaintiff's election as consent to dismissal, without prejudice, of all claims against

3

1  defendant Smith.

2  Any further amended complaint must show that the federal court has jurisdiction,

3  the action is brought in the right place, and plaintiff is entitled to relief if his allegations are

4  proven.  It must contain a request for particular relief.  Plaintiff must identify as defendants only

5  persons who personally participated in a substantial way in depriving plaintiff of a federal

6  constitutional right.  Johnson v. Duffy, supra, 588 F.2d at 743 (a person subjects another to the

7  deprivation of a constitutional right if he does an act, participates in another's act or omits to

8  perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff

9  contends he was the victim of a conspiracy, he must identify the participants and allege their

10  agreement to deprive him of a specific federal constitutional right.

11  In a further amended complaint, the allegations must be set forth in numbered

12  paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a

13  single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate

14  transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P.

15  10(b).

16  The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara,

17  307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved

18  any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ.

19  P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must

20  be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

21  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

22  which was adopted to focus litigation on the merits of a claim.");  Fed. R. Civ. P. 8. Plaintiff must

23  not include any preambles, introductions, argument, speeches, explanations, stories, griping,

24  vouching, evidence, attempts to negate possible defenses, summaries, and the like.  McHenry v.

25  Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for

26  violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998)

4

1   (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in

2   prisoner cases).  The court (and defendants) should be able to read and understand plaintiff's

3   pleading within minutes.  McHenry, 84 F.3d at 1179-80.  A long, rambling pleading including

4   many defendants with unexplained, tenuous or implausible connection to the alleged

5   constitutional injury, or joining a series of unrelated claims against many defendants, very likely

6   will result in delaying the review required by 28 U.S.C. § 1915 and result in an order dismissing

7   plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

8         A district court must construe a pro se pleading "liberally" to determine if it states

9   a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff

10   an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

11   While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a

12   cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129

13   S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

14   Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that

15   is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual
> content that allows the court to draw the reasonable inference that
> the defendant is liable for the misconduct alleged. The plausibility
> standard is not akin to a "probability requirement," but it asks for
> more than a sheer possibility that a defendant has acted unlawfully.
> Where a complaint pleads facts that are merely consistent with a
> defendant's liability, it stops short of the line between possibility
> and plausibility of entitlement to relief.

21   Id. (citations and quotation marks omitted).  Although legal conclusions can provide the

22   framework of a complaint, they must be supported by factual allegations, and are not entitled to

23   the assumption of truth.  Id. at 1950.

24         A further amended complaint must be complete in itself without reference to any

25   prior pleading.  Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Should

26   plaintiff file a Second Amended Complaint, the Amended Complaint is superseded.

1    By signing a further amended complaint, plaintiff certifies he has made reasonable

2    inquiry and has evidentiary support for his allegations, and for violation of this rule the court may

3    impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

4    A prisoner may bring no § 1983 action until he has exhausted the administrative

5    remedies that are available to him.  42 U.S.C. § 1997e(a).  This requirement is mandatory.  Booth

6    v. Churner, 532 U.S. 731, 741 (2001).  California prisoners or parolees may appeal "any

7    departmental decision, action, condition, or policy which they can demonstrate as having an

8    adverse effect upon their welfare."  Cal. Code Regs. tit. 15, §§ 3084.1, et seq.  An appeal must be

9    presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and

10   "action requested."  Therefore, this court ordinarily will review only claims against prison

11   officials within the scope of the problem reported in a CDC form 602 or an interview or claims

12   that were or should have been uncovered in the review promised by the department.  Plaintiff is

13   further admonished that by signing a further amended complaint he certifies his claims are

14   warranted by existing law, including the law that he exhaust administrative remedies, and that for

15   violation of this rule plaintiff risks dismissal of his entire action, including his claims against

16   defendants Nasir, Sudran, and Swarthout.

17   Accordingly, IT IS HEREBY ORDERED that:

18   1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

19   2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

20   Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

21   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

22   Director of the California Department of Corrections and Rehabilitation filed concurrently

23   herewith.

24   3.  All claims against defendant Smith are dismissed with leave to amend.  Within

25   thirty days of service of this order, plaintiff may further amend his Amended Complaint to

26   attempt to state cognizable claims against Smith.  Plaintiff is not obliged to further amend his

1  complaint.

2          4.  The allegations in the pleading appear to state cognizable claims against

3  defendants Nasir, Sudran, and Swarthout.  <u>See</u> 28 U.S.C. § 1915A.  With this order the Clerk of

4  the Court shall provide to plaintiff a blank summons, a copy of the pleading filed November 24,

5  2009, three USM-285 forms and instructions for service of process on defendants Nasir, Sudran,

6  and Swarthout.  Within thirty days of service of this order plaintiff may return the attached

7  Notice of Submission of Documents with the completed summons, the completed USM-285

8  forms, and four copies of the endorsed Amended Complaint filed December 22, 2009 (Dkt. No.

9  8).  The court will transmit them to the United States Marshal for service of process pursuant to

10  Fed. R. Civ. P. 4.  Defendants Nasir, Sudran, and Swarthout will be required to respond to

11  plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the

12  court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his

13  defective claims against defendant Smith without prejudice.

14          5.  Failure to comply with this order will result in a recommendation that this

15  action be dismissed.

16  DATED:  March 1, 2010

17

18

19                          KENDALL J. NEWMAN
                            UNITED STATES MAGISTRATE JUDGE
20  mayw3284.14option

21

22

23

24

25

26

7

1

2

3

4

5                  IN THE UNITED STATES DISTRICT COURT

6               FOR THE EASTERN DISTRICT OF CALIFORNIA

7    KARLUK M. MAYWEATHERS,

8            Plaintiff,              No. 2:09-cv-3284 LKK KJN P

9        vs.

10   GARY SWARTHOUT, et al.,         NOTICE OF SUBMISSION OF DOCUMENTS

11           Defendants.

12   _____/

13

14       Plaintiff hereby submits the following documents in compliance with the court's order

15   filed _____:

16          __1__        completed summons form

17          __3__        completed forms USM-285

18          __4__        copies of the _12/22/09_ Amended Complaint

19

20       AND Plaintiff consents to the dismissal of defendant Smith without prejudice.

     OR

21
         _____ Plaintiff opts to file a Second Amended Complaint and delay service of process.
22

23   Dated:

24

25                          _____
                                        Plaintiff
26