IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KARLUK M. MAYWEATHERS,

        Plaintiff,                No. 2:09-cv-3284 LKK KJN P

   vs.

GARY SWARTHOUT, et al.,

        Defendants.        <u>ORDER</u>

_____/

        Defendants have filed an ex parte application for an order vacating the February 24, 2012 deadline for filing their pretrial statement. Defendants correctly note that plaintiff failed to file his separate pretrial statement, which was due on February 10, 2012. This is the second time that plaintiff missed his pretrial statement deadline; when he missed the initial deadline of December 16, 2011, defendants filed an ex parte application to extend all deadlines, which the court granted by order filed January 5, 2012. However, plaintiff has not since communicated with the court. For good cause shown, defendants' application is granted.

        The court notes, however, that this case currently remains scheduled for a trial confirmation hearing before the Honorable Lawrence K. Karlton, on April 23, 2012, and for commencement of trial before Judge Karlton on July 24, 2012 (neither of which can proceed in the absence of pretrial statements filed by both plaintiff and defendants).

1

Defendants have also filed a motion to dismiss this action, which was served on plaintiff, and remains pending. (Dkt. No. 47.) Plaintiff is informed that, pursuant to Local Rule 230(*l*), "[o]pposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." In addition, Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Finally, Federal Rule of Civil Procedure 41(b) provides:

> **Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits.

It may be that the matters pursued in this action, while plaintiff was incarcerated at California State Prison-Solano, are no longer significant to plaintiff since his transfer to the California Men's Colony. (This action challenges defendants' refusal to provide plaintiff, a Muslim, with a Halal diet, or a Kosher diet pending implementation of the Halal diet program.) If plaintiff no longer intends to pursue this action, he must so inform the court.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' ex parte application (Dkt. No. 46), to vacate the February 24, 2012 deadline for defendants' pretrial statement is granted, nunc pro tunc;

2. The Pretrial Conference scheduled for March 9, 2012, is vacated; and

////

////

1    3.  Plaintiff shall timely respond to the pending motion to dismiss, filed by
defendants on February 24, 2012.

DATED: February 28, 2012

```
_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE
```

mayw3284.vacate.ptc