IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KARLUK M. MAYWEATHERS,

    Plaintiff,   No. 2:09-cv-3284 LKK KJN P

    vs.

GARY SWARTHOUT, et al.,

    Defendants.   <u>ORDER</u>

_____/

    Plaintiff is a state prisoner who proceeds, in forma pauperis and without counsel, in this civil rights action commenced on November 24, 2009. This action challenges the refusal of defendants at California State Prison-Solano ("CSP-SOL") to provide plaintiff, who is Muslim, with a Halal diet, or a Kosher diet pending implementation of a Halal diet program. The Halal Meat Alternate Program was implemented at CSP-SOL in September 2010; plaintiff became a participant in the Program at that time, thus rendering moot his claim for injunctive relief. (Dkt. No. 36 at 8,17.) In July 2011, plaintiff was transferred from CSP-SOL to California Men's Colony (Dkt. No. 37), where he remains incarcerated.

    This action proceeds on plaintiff's claims for damages under the First Amendment's Free Exercise Clause and Fourteenth Amendment's Equal Protection Clause, and for declaratory relief under the Religious Land Use and Institutionalized Persons Act

1

1  ("RLUIPA"). (See Order filed August 26, 2011 (Dkt. No. 38), adopting the undersigned's July
2  14, 2011 findings and recommendations (Dkt. No. 36), and denying defendants' motion for
3  summary judgment.) A settlement conference was conducted on October 20, 2011, but the case
4  did not settle. (Dkt. Nos. 39-41.)

5  On November 2, 2011, the court issued a Further Scheduling Order, setting trial to
6  commence on July 24, 2012. (Dkt. No. 42.) That order set a pretrial conference for February 24,
7  2012, and directed plaintiff to file his pretrial statement, and any motions necessary to obtain the
8  attendance of witnesses at trial, on or before December 16, 2011. (Id. at 5.) The order provided
9  in pertinent part that, "The parties are advised that failure to file a pretrial statement may result in
10 the imposition of sanctions, including dismissal of this action." (Id.) Despite initial problems in
11 serving plaintiff with this order (apparently due to plaintiff's temporary move to appear at an
12 unrelated court hearing), the order was apparently successfully served on November 14, 2011.
13 (See n.1, infra.) Although plaintiff filed a change of address on December 20, 2011 (Dkt. No.
14 43),[1] he filed nothing else. Plaintiff's failure to timely file or serve a pretrial statement led
15 defendants to file a motion requesting that the deadlines be reset. (Dkt. No. 44.)

16 By order filed January 5, 2012, the court extended the deadlines for filing pretrial
17 statements, to February 10, 2012, for plaintiff, and to February 24, 2012, for defendants, and

---

[1] The court previously noted (Dkt. No. 49 at 2):

Plaintiff's last communication with the court was December 20, 2011, when he filed a Notice of Change of Address, emphasizing that his mail needed to be sent to the "west (8103)," rather than "east (8101)" wing of the California Men's Colony. (Dkt. No. 43.) Review of the docket indicates that, prior to the court's receipt of this notice, the court's Further Scheduling Order was served and re-served on plaintiff in the "east (8101)" wing. (See Dkt. No. 42 and subsequent service notations.) Nevertheless, the order was not returned to this court, indicating that it had been delivered to plaintiff. Moreover, this court's orders filed January 5, 2012, and February 28, 2012, were properly served on plaintiff in the "west (8103)" wing. (See Dkt. Nos. 45 and 48, service notations.) However, defendants' motions filed January 3, 2012, and February 24, 2012, were improperly served on plaintiff in the "east (8101)" wing. (See Dkt. No. 44 at 5; Dkt. No. 46 at 5; Dkt. No. 47 at 7.)

2

reset the pretrial conference to March 9, 2012.  (Dkt. No. 45.)  Plaintiff did not respond.  On February 24, 2012, defendants move to vacate the pretrial conference deadline (Dkt. No. 46), and moved to dismiss this action based on plaintiff's failure to prosecute, and failure to abide by the court's orders and applicable rules (Dkt. No. 47).

On February 28, 2012, the court granted defendants' motion to vacate the pretrial conference and pretrial statement deadlines, and directed plaintiff to respond to defendants' motion to dismiss filed February 24, 2012.  (Dkt. No. 48.)  The court informed plaintiff that failure to respond to the pending motion would be deemed consent thereto, and grounds for sanctions, including dismissal.  (Id. at 1-2, citing Local Rule 110; Fed. R. Civ. P. 41(b).)  The court invited plaintiff to request voluntary dismissal of his action, if appropriate, stating that "[i]t may be that the matters pursued in this action, while plaintiff was incarcerated at California State Prison-Solano, are no longer significant to plaintiff since his transfer to the California Men's Colony. . . . If plaintiff no longer intends to pursue this action, he must so inform the court."  (Dkt. No. 48 at 2.)  Plaintiff did not respond.[2]

On March 26, 2012, the court vacated all pending dates and, giving plaintiff "one additional opportunity," directed plaintiff, within twenty-one days, to explain his recent lack of participation in this action, and to file and serve an opposition to defendants' motion to dismiss, or to request voluntary dismissal of this action.  (Dkt. No. 49.)  The court stated that "[f]ailure of plaintiff to fully and timely respond to this order shall result in a recommendation to the district judge that this action be dismissed."  (Id. at 3.)

On April 19, 2012 (timely delivered to prison authorities on April 15, 2012), plaintiff submitted two documents:  (1) a notice of change of address (indicating that plaintiff is now assigned to "Dorm #27, Bed #20" (Dkt. No. 50 at 1); and (2) a motion for appointment of counsel (Dkt. No. 51).  Plaintiff's change of address within the California Men's Colony does not

---

[2] The order was properly served on the "west" wing of California Men's Colony.  See n. 1, supra.

appear significant.³ This is plaintiff's first request for appointment of counsel in this action.

Plaintiff requests counsel for several reasons. First, plaintiff asserts that his ability to prosecute this action has been impaired by "numerous 'lock-downs,'" the "denial of meaningful access to the law library and its' essential resources," lack of internet access, mail delivery problems, and frequent moves within the institution. (Dkt. No. 51 at 1-3). Plaintiff further notes his "inability to take depositions in a prison setting" and "defendants' resistance to discovery." (Id. at 1.) Second, plaintiff notes that he has several medical issues, including diabetes, glaucoma, and ongoing chemotherapy; that these matters have previously rendered travel, and the receipt of adequate medical care, difficult for plaintiff, particularly at California State Prison-Sacramento; and, thus, that he "would prefer to have an advocate handle all the 'in-person' courtroom appearances . . . ." (Id. at 2.)

Discovery in this action is closed. Hence, plaintiff's stated concerns relative to conducting further discovery are moot. However, plaintiff's health issues pose pragmatic concerns relative both to plaintiff obtaining consistent adequate health care, and his ability to prepare for, and participate in, a trial in this action. While defendants correctly note that plaintiff has failed to abide by the court's recent orders, the court finds that the several matters recounted by plaintiff demonstrate excusable neglect for missing the court's deadlines. See Fed. R. Civ. P. 6(b)(1)(B). Further, the court finds that these matters support appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). Exceptional circumstances supporting appointment of counsel include an

---

³ Plaintiff's prior notice indicated only that he was assigned to "Bdlg. 21-01" ("west" side). (Dkt. No. 43 at 1.)

4

evaluation of plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved, and the likelihood of success on the merits of plaintiff's claims. <u>Agyeman v. Corrections Corporation of America</u>, 390 F.3d 1101, 1103 (9th Cir. 2004) (citations omitted).

The court finds that the instant case presents the required exceptional circumstances warranting appointment of counsel. There is a reasonable likelihood that plaintiff could prevail on his claims, which have been clarified, narrowed and sustained by the court's denial of defendants' motion for summary judgment. Self-representation is generally fraught with complexities and challenges even under the best of circumstances; here, plaintiff has the additional burdens of imprisonment and poor health. For these reasons, the court grants plaintiff's request for appointment of counsel, for the limited purpose of pursuing this action through pretrial and trial proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss this action, based on plaintiff's failure to prosecute (Dkt. No. 47), is denied.

2. Plaintiff's motion for appointment of counsel (Dkt. No. 51), is granted. The Clerk of Court is directed to contact Sujean Park, Alternative Dispute Resolution Coordinator, for the purpose of locating an attorney admitted to practice in this court who is willing to accept this appointment, for the purpose of pursuing this action on plaintiff's behalf through all pretrial and trial proceedings.

3. All current deadlines are vacated.

SO ORDERED.

DATED: April 27, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mayw3284.appt.cnsl