IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KARLUK M. MAYWEATERS,

        Plaintiff,                      No. 2:09-cv-3284 LKK KJN P

    vs.

GARY SWARTHOUT, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding, in forma pauperis and with appointed counsel, in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On June 29, 2012, the parties filed a Joint Status Report, wherein they requested a further settlement conference.  (Dkt. No. 56.)  This case will be referred to Magistrate Judge Craig M. Kellison to conduct a settlement conference at the U. S. District Court, 501 I Street, Sacramento, California 95814, in Courtroom No. 2, on November 15, 2012, at 1:00 p.m.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1.  This case is set for a settlement conference before Magistrate Judge Craig M. Kellison on November 15, 2012, at 1:00 p.m., at the U. S. District Court, 501 I Street, Sacramento, California 95814, in Courtroom No. 2.

////

      2. Plaintiff's counsel, and defendants' lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf, shall attend in person.[1]

      3. Those in attendance must be prepared to discuss the claims, defenses and damages in this action. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

DATED: July 17, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mayw3284.med.2

---

[1] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended in part on recon., Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' views of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).